IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| STARLIGHT BUILDING LTD | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 4:10-cv-259 |
| | § | |
| ANGELEE BAZEMORE, VINCENT | § | |
| JOHN BAZEMORE, JR., UNITED STATES | § | |
| OF AMERICA, | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER GRANTING
## MOTION TO COMPEL ARBITRATION

Pending before the court are Bazemore Defendants Motion to Dismiss Plaintiff's Original Petition and Request for Disclosure (Dkt. 5), the United States' Response (Dkt. 7), Plaintiff's Response (Dkt. 8), Bazemore Defendants' Reply (Dkt. 14), Plaintiff's Supplemental Brief (Dkt. 104), Bazemore Defendants' Reply to Plaintiff's Supplemental Brief (Dkt. 113); Defendant United States of America's Unopposed Motion for Judicial Sale to Proceed through United States Marshal (Dkt. 6), Bazemore Defendants' Response (Dkt. 11), and the United States' Reply (Dkt. 15); Defendants' Angelee and Vincent Bazemore Motion for Severance (Dkt. 13), the United States' Response (Dkt. 16), Plaintiff's Response (Dkt. 17), Bazemore Defendants' Reply (Dkt. 20); Bazemore Defendants' Motion for Summary Judgment (Dkt. 29), United States' Response (Dkt. 31), Plaintiff's Response (Dkt. 38), Bazemore Defendants' Reply to United States (Dkt. 40), Bazemore Defendants Reply to Plaintiff (Dkt. 49), Plaintiff's Sur-reply (Dkt. 51), and Plaintiff's Supplemental Brief (Dkt. 107); Plaintiff's Motion to Strike and Objection to Evidence (Dkt. 37) and Bazemore Defendants' Response (Dkt. 44); Plaintiff's Motion for Summary Judgment (Dkt. 42), Bazemore Defendants' Response (Dkt. 45), Bazemore Defendants' Reply (Dkt. 50), Plaintiff's Reply (Dkt. 52), and Plaintiff's Supplemental Briefs

(Dkts. 91, 98, 106); Bazemore Defendants' Motion for Sanctions (Dkt. 54), Plaintiff's Response (Dkt. 56), Bazemore Defendants' Reply (Dkt. 57), and Plaintiff's Sur-reply (Dkt. 58); Plaintiff's Motion for Extension of Time to Complete Fact Discovery (Dkt. 59); Bazemore Defendants' Renewed Motion to Dismiss/Compel Arbitration (Dkt. 61), Plaintiff's Response (Dkt. 63), and Plaintiff's Supplemental Brief (Dkt. 105); Bazemore Defendants' Motion to Quash/Modify Plaintiff's Notice of Intent to Take the Oral Deposition duces tecum of Angelee Bazemore (Dkt. 62), Plaintiff's Response (Dkt. 64), United States' Brief in Support of Plaintiff's Response (Dkt. 66), and Bazemore Defendants Reply (Dkt. 74); Plaintiff's Motion for Expedited Hearing to Consider Pending Motions (Dkt. 65); Defendant United States of America's Unopposed Emergency Motion to Stay Foreclosure Action (Dkt. 68) and Bazemore Defendants' Response (Dkt. 71); Bazemore Defendants' Motion to Remand (Dkt. 70), United States' Response (Dkt. 72), Plaintiff's Response (Dkt. 75), Bazemore Defendants' Reply (Dkt. 76); United States' Unopposed Motion to Lift Stay (Dkt. 79), Plaintiff's Response (Dkt. 80), and Bazemore Defendants' Reply (Dkt. 83); Plaintiff's Unopposed Motion for Leave to File Notice of Supplement to Motion for Summary Judgment (Dkt. 97); Plaintiff's Unopposed Motion for Leave to File Notice of Supplement to Plaintiff's Response to Defendants' Motion to Dismiss (Dkt. 99); Plaintiff's Unopposed Motion for Leave to File Notice of Supplement to Plaintiff's Response to Bazemore Defendants' Renewed Motion to Dismiss/Compel Arbitration (Dkt. 101); Plaintiff's Motion for Leave to File Declaration in Supplement to Affidavit of Gretchen Benolken (Dkt. 108); Plaintiff's Motion to Correct/Amend and Clarify Withdrawal of Incorrect Docket Number (Dkt. 110); Joint Status Report and Request for Ruling (Dkt. 115); and Amended Joint Status Report and Request for Ruling (Dkt. 117).

For the reasons set forth herein, Bazemore Defendants Motion to Dismiss Plaintiff's Original Petition and Request for Disclosure (Dkt. 5) is **GRANTED IN PART**; Defendant United States of America's Unopposed Motion for Judicial Sale to Proceed through United States Marshal (Dkt. 6) is **DENIED WITHOUT PREJUDICE**; Defendants' Angelee and Vincent Bazemore Motion for Severance (Dkt. 13) is **DENIED**; Bazemore Defendants' Motion for Summary Judgment (Dkt. 29) is **DENIED AS MOOT**; Plaintiff's Motion to Strike and Objection to Evidence (Dkt. 37) is **DENIED AS MOOT**; Plaintiff's Motion for Summary Judgment (Dkt. 42) is **DENIED AS MOOT**; Bazemore Defendants' Motion for Sanctions (Dkt. 54) is **DENIED**; Plaintiff's Motion for Extension of Time to Complete Fact Discovery (Dkt. 59) is **DENIED AS MOOT**; Bazemore Defendants' Renewed Motion to Dismiss/Compel Arbitration (Dkt. 61) is **GRANTED IN PART**; Bazemore Defendants' Motion to Quash/Modify Plaintiff's Notice of Intent to Take the Oral Deposition duces tecum of Angelee Bazemore (Dkt. 62) is **DENIED AS MOOT**; Plaintiff's Motion for Expedited Hearing to Consider Pending Motions (Dkt. 65) is **DENIED AS MOOT**; Defendant United States of America's Unopposed Emergency Motion to Stay Foreclosure Action (Dkt. 68) is **DENIED AS MOOT**; Bazemore Defendants' Motion to Remand (Dkt. 70) is **DENIED**; United States' Unopposed Motion to Lift Stay (Dkt. 79) is **GRANTED IN PART**; Plaintiff's Unopposed Motion for Leave to File Notice of Supplement to Motion for Summary Judgment (Dkt. 97) is **GRANTED**; Plaintiff's Unopposed Motion for Leave to File Notice of Supplement to Plaintiff's Response to Defendants' Motion to Dismiss (Dkt. 99) is **GRANTED**; Plaintiff's Unopposed Motion for Leave to File Notice of Supplement to Plaintiff's Response to Bazemore Defendants' Renewed Motion to Dismiss/Compel Arbitration (Dkt. 101) is **GRANTED**; Plaintiff's Motion for Leave to File Declaration in Supplement to Affidavit of Gretchen Benolken (Dkt. 108) is **GRANTED**;

Plaintiff's Motion to Correct/Amend and Clarify Withdrawal of Incorrect Docket Number (Dkt. 110) is **GRANTED**; Joint Status Report and Request for Ruling (Dkt. 115) is **DENIED AS MOOT**; and Amended Joint Status Report and Request for Ruling (Dkt. 117) is **DENIED AS MOOT**. Plaintiff and the Bazemores are ordered to arbitrate their contractual dispute. Plaintiff's claim for judicial foreclosure will remain **STAYED**.

I. **BACKGROUND**

This case began as a fairly simple contract dispute between Plaintiff, Starlight Building, Ltd., and Defendants Vincent and Angelee Bazemore. On May 23, 2008, Plaintiff and the Bazemores entered into a Residential Construction Contract to build a custom home at 209 Lake Way, Crossroads, Texas 76227. Dkt. 2 ¶ 7. The contract mandates that all disputes arising under its terms "be submitted to mediation and, if not settled during mediation . . . be submitted to binding arbitration." Dkt. 5-1 ¶ 16.L.h.[1] The contract also requires the Bazemores to obtain third-party financing from a bank. Later, Plaintiff and the Bazemores agreed that the Bazemores would pay Starlight directly by making an initial $100,000.00 payment and then monthly $80,000 payments until the balance was paid. Dkt. 42-1 ¶ 7. Plaintiff and the Bazemores operated under this agreement for a time. Then the parties changed the payment terms a second time, and Starlight agreed to submit subcontractor invoices to the Bazemores who would then make payments. Dkt. 42-1 ¶¶ 14-16. None of the modifications to the terms of the original contract were put in writing,[2] but neither Plaintiff nor the Bazemores dispute these facts.

Sometime around December 2008 a dispute arose over payments. Angelee Bazemore became concerned that Starlight was not timely paying subcontractors after she received a notice

---

[1] Starlight objects to the Bazemores' supporting evidence as hearsay, but Plaintiff also submitted the contact as evidence with its summary judgment motion and does not dispute its terms' validity. *See* Dkt. 42-1.

[2] Plaintiff submitted "Change Orders" that document increases to the home's cost based on the Bazemores' requested upgrades. *See* Dkt. 42-1.

of intent to place a lien on the property along with an unpaid invoice from a subcontractor. The parties attempted to negotiate a resolution, but ultimately in March 2009 the Bazemores changed the locks on the property and informed Starlight that it was fired. On May 7, 2009, Starlight filed an Affidavit Claiming Mechanic's and Materialman's Lien with the County Clerk of Denton County, Texas, to fix and secure a lien on the Bazemore property. Starlight claims that the Bazemores failed to pay $104,912.00 owed to it under the contract. Later, Starlight filed the instant action to obtain a judicial foreclosure on its lien.

The case became more complicated when, on September 22, 2009, Defendant Vincent Bazemore was convicted of securities fraud in the Northern District of Texas. As part of his sentence, he was required to pay restitution in the amount of $15,761,581.11. Soon thereafter, on September 30, 2009, Defendant United States of America filed a judgment lien on the Bazemore property in order to collect on the restitution order. The United States stipulates that Starlight's mechanic's lien has priority over the United States' lien.

Starlight filed this action seeking a judicial foreclosure of its lien against the Bazemores and the United States on April 30, 2010, in the 393rd District Court in Denton County, Texas. Starlight included the United States as a Defendant because of the United States' lien on the property.[3] The United States removed the case to this court on May 20, 2010. The Bazemores then filed their first motion to dismiss and asked the court to compel arbitration under contract's terms.

Starlight argues that the Bazemores breached the contract, have waived their right to arbitration, and that arbitration is impossible because the United States cannot be compelled to arbitration. Therefore Starlight seeks judicial foreclosure of its mechanic's lien and joins the

---

[3] Under 28 U.S.C. § 2410(a), the United States may be named a party in a civil suit affecting property on which it has a lien.

United States in seeking sale of the property by the United States Marshal. The Bazemores allege that Starlight breached the contract and requests that the court dismiss the complaint and order the parties to arbitration.

In January 2011, the United States moved for an emergency stay because Vincent Bazemore was being investigated a second time, and the United States was concerned that the Bazemores would attempt to use this civil case to elicit information related to the criminal investigation. This court stayed the case in its entirety on January 24, 2011. Dkt. 69. Vincent Bazemore was then indicted, tried, and found guilty of mail fraud in the Northern District of Texas and sentenced on March 28, 2014. The property at issue in this suit was not part of the forfeiture proceedings in that action, and the United States moved the court to lift the stay on May 27, 2014. Dkt. 79. The motion was not opposed. The court held a status conference on October 1, 2014, and the parties were permitted to file supplemental briefing on the pending motions. Defendant United States' motion to lift the stay (Dkt. 79) in this case is hereby **GRANTED IN PART** with regard to the dispute between Plaintiff and the Bazemores only as explained herein.

## II.     LEGAL STANDARD

Both Texas and federal courts grant motions to compel arbitration if (1) a valid and enforceable arbitration agreement exists, and (2) the agreement encompasses the claims raised in the lawsuit.[4] Most federal courts also consider whether legal constraints external to the parties'

---

[4] *In re D. Wilson Const. Co.*, 196 S.W.3d 774, 781 (Tex. 2006); *Jones v. Halliburton Co.*, 583 F.3d 228, 233-34 (5th Cir. 2009); *see also* 9 U.S.C. § 2 (2006) (stating that "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract").

agreement forecloses arbitration.[5] A contractor's claim to foreclose its constitutional and statutory mechanic's liens is within the scope of an arbitration provision that covers disputes arising under the contract.[6] "…[W]hen a party is entitled to arbitration, the foreclosure of an M&M lien shall be stayed until the arbitrators determine whether the party seeking foreclosure prevails in the underlying dispute." [7] Thus, when the parties to a contract agree to arbitrate contractual disputes, a judicial action to foreclose on a mechanic's lien must be stayed until the arbitration has a chance to resolve the underlying contractual dispute.[8] By allowing arbitration to proceed first, the court may later determine in the foreclosure suit whether and to what extent the plaintiff should succeed.[9] This approach to arbitration agreements and mechanic's lien foreclosure actions can apply even when the action also involves a party that was not a party to the arbitration agreement.[10] "'[P]roceedings against parties and non-parties to the arbitration agreement are stayed pending the outcome of arbitration, when the action against the non-party is dependent upon interpretation of the underlying contract.'"[11]

## III. ANALYSIS

In this case, Starlight and the Bazemores agreed to arbitrate any dispute arising under the contract. Both parties claim that the other party has breached the contract. Moreover, an alleged breach of the contract by the Bazemores is the basis for Starlight's mechanic's lien on the

---

[5] *Jones*, 583 F.3d at 234 ("If both questions are answered in the affirmative, our court then asks whether 'any federal statute or policy renders the claims nonarbitrable.'").

[6] *See Courtland Bldg. Co., Inc. v. Jalal Family P'ship, Ltd*, 403 S.W.3d 265, 272 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

[7] *Hearthshire Braeswood Plaza Ltd. P'ship v. Bill Kelly Co.*, 849 S.W.2d 380, 390-91 (Tex. App.—Houston [14th Dist.] 1993, writ denied).

[8] *Hearthshire Braeswood Plaza Ltd. P'ship v. Bill Kelly Co.*, 849 S.W.2d 380, 390-91 (Tex. App.—Houston [14th Dist.] 1993, writ denied).

[9] *Id.*

[10] *Triad Electric & Controls, Inc. v. Watkins Eng'rs & Constructors, Inc.*, No. Civ. A. 300CV2755G, 2001 WL 1112333, at *3 (N.D. Tex. Sept. 14, 2001).

[11] *Id.* (quoting *Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 526 (5th Cir. 2000)).

property. Neither party disputes the arbitration clause's validity. Finally, the questions presented by the foreclosure action are dependent upon whether, and to what extent, Starlight succeeds in its breach of contract claim against the Bazemores. Consequently, the court finds that the arbitration agreement should be enforced and that Starlight's foreclosure action should remain stayed pending the arbitration's outcome.[12]

Starlight argues that the Bazemores waived their right to enforce the arbitration agreement by substantially invoking the judicial process during the course of this suit. "The right to arbitrate a dispute, like all contract rights, is subject to waiver."[13] However, "[t]here is a strong presumption against finding a waiver of arbitration, and the party claiming that the right to arbitrate has been waived bears a heavy burden."[14] To establish waiver, a party must prove that the party seeking arbitration has "substantially invoke[d] the judicial process to the detriment or prejudice of the other party."[15] Invoking the judicial process means that a "party must, at the very least, engage in some overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration."[16]

---

[12] Paragraph 16.L of the contract states that disputes "shall *first be submitted to mediation* and, if not settled during mediation, shall thereafter be submitted to binding arbitration as provided by the Federal Arbitration Act (9 U.S.C. §§ 1 et seq.) or, if applicable, by similar state statute, and not by or in a court of law." Dkt. 5-1 at 11-12 (emphasis added). However, in this action both sides agreed that mediation is inappropriate. *See* Dkt. 25 ¶ 4. Further, the Bazemores have consistently sought arbitration. Given the Bazemores' pro se status and their representation that they are burdened by additional costs in defending this litigation, the court will not order that the parties attempt to mediate this case before proceeding to arbitration. The parties have had ample time to attempt to negotiate a settlement to this dispute in the over five years that it has been pending, and the court is not aware of any efforts to do so. It will be more efficient for Plaintiff and the Bazemores to proceed directly to arbitration.
[13] *Nicholas v. KBR, Inc.*, 565 F.3d 904, 907 (5th Cir. 2009).
[14] *In re Mirant Corp.*, 613 F.3d 584, 588 (5th Cir. 2010) (internal quotation marks omitted).
[15] *Id.* (internal quotation marks omitted). This standard for determining waiver of the right to arbitration is also the standard applied by Texas courts. *See Perry Homes v. Cull*, 258 S.W.3d 580, 589-90 (Tex. 2008).
[16] *In re Mirant*, 613 F.3d at 589 (internal quotation marks omitted). This is most often found when a party initially pursues litigation and later reverses course and attempts to arbitrate those

Starlight has not met its heavy burden of proof to show that the Bazemores have waived their contractual right to arbitrate. Specifically, Starlight failed to show that the Bazemores have substantially invoked the judicial process. In their filings with the court, the Bazemores have repeatedly and emphatically argued that this dispute should be arbitrated under the contract's terms rather than litigated before this court. Additionally, the primary basis for the Bazemores' motion for summary judgment is that the dispute should be arbitrated rather than litigated. Further, the Bazemores are proceeding pro se in this action, and the court is required to liberally interpret their filings.[17] Starlight argues that the fact that the Bazemores made multiple filings and are proceeding pro se has caused them to incur additional expenses to its detriment. However, it was Starlight that chose to file a judicial action rather than first proceed to alternative dispute resolution. Accordingly, the court finds that the Bazemores have not waived their contractual right to enforce the arbitration agreement.

Starlight and the United States both argue that arbitration cannot be compelled in this case because the United States cannot be forced to arbitrate. This argument is misguided. The United States is not a party to the contract, and therefore by enforcing the arbitration clause the court does not compel the United States to participate in arbitration. The United States is the inferior lien holder, and any interest it may have in the Bazemore property will remain indefinite until Starlight, the priority lien holder, and the Bazemores resolve their contractual dispute.

In their motion to dismiss (Dkt. 5) the Bazemores also request that the court order Starlight to reimburse them for any costs and expenses incurred as a result of enforcing the

---

claims. *Nicholas*, 565 F.3d at 907. The concern is with parties that want to "test the waters in litigation before deciding whether they would be better off in arbitration." *Id.* at 909 (citation omitted).

[17] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal quotation marks and citations omitted)).

arbitration clause. The contract provides that "if any party commences litigation in violation of [the arbitration agreement], such party shall reimburse the other parties to the litigation for their costs and expenses including attorneys' fees incurred in seeking abatement of such litigation and enforcement of arbitration." Dkt. 5-1 ¶ 16.L.2)h. The contract also states that "[t]he arbitrator may award to the prevailing party, if any, as determined by the arbitrator, all or any portion of its costs and fees." Dkt. 5-1 ¶ 16.L.2). Here, the question before the court is only the arbitration clause's enforceability. All other disputes arising under the contract, including the award of fees for wrongfully initiating litigation, can be determined by the arbitrator. Accordingly, the court does not award the Bazemores any fees or costs for defending against the litigation. Plaintiff and the Bazemores shall proceed to arbitration on the merits of their dispute. The remainder of this action will continue under stay, and the court will consider Starlight's claim for judicial foreclosure after the arbitration is complete. The United States may re-urge its motion for judicial foreclosure at that time if appropriate.

Accordingly, the Bazemore Defendants' Motion to Dismiss Plaintiff's Original Petition and Request for Disclosure (Dkt. 5) is **GRANTED IN PART** and Plaintiff and the Bazemores shall proceed to arbitration of their contractual dispute. Further, Defendant United States of America's Unopposed Motion for Judicial Sale to Proceed through United States Marshal (Dkt. 6) is **DENIED WITHOUT PREJUDICE**; Defendants' Angelee and Vincent Bazemore Motion for Severance (Dkt. 13) is **DENIED**; Bazemore Defendants' Motion for Summary Judgment (Dkt. 29) is **DENIED AS MOOT**; Plaintiff's Motion to Strike and Objection to Evidence (Dkt. 37) which was withdrawn in open court on October 1, 2014 by counsel for the Plaintiff is **DENIED AS MOOT**; Plaintiff's Motion for Summary Judgment (Dkt. 42) is **DENIED AS MOOT;** Plaintiff's Motion for Extension of Time to Complete Fact Discovery (Dkt. 59) is

**DENIED AS MOOT**; Bazemore Defendants' Renewed Motion to Dismiss/Compel Arbitration (Dkt. 61) is **GRANTED IN PART**; Bazemore Defendants' Motion to Quash/Modify Plaintiff's Notice of Intent to Take the Oral Deposition duces tecum of Angelee Bazemore (Dkt. 62) is **DENIED AS MOOT**; Plaintiff's Motion for Expedited Hearing to Consider Pending Motions (Dkt. 65) is **DENIED AS MOOT**; and Defendant United States of America's Unopposed Emergency Motion to Stay Foreclosure Action (Dkt. 68) is **DENIED AS MOOT**.

The Bazemores have moved for sanctions to be imposed on Gretchen A. Benolken, counsel for Starlight, pursuant to Rule 11 of the Federal Rules of Civil Procedure and Rule 13 of the Texas Rules of Civil Procedure. In relevant part, both Rule 11 and Rule 13 require an attorney to conduct a reasonable inquiry into the facts before signing pleadings, written motions, or other documents. Specifically, the Bazemores claim that Ms. Benolken filed the original complaint in state court and a motion for summary judgment in this court despite the provision in the contract requiring arbitration of any dispute arising under the contract. In response, Ms. Benolken claims that she was aware of the arbitration provision but chose to file the original complaint and the motion for summary judgment because (1) a judicial foreclosure cannot be accomplished through arbitration; (2) arbitration was not possible because the United States, a defendant in this case and a non-party to the arbitration agreement, could not be compelled to arbitration; and (3) the Bazemores waived their right to arbitration by substantially invoking the judicial process.

Rule 11 does "not apply to filings in state court, even if the case is later removed to federal court."[18] Federal courts apply state sanction rules to pleadings filed in state court before removal.[19] Rule 11, however, does apply to post-removal filings.[20] Thus Rule 11 applies to

---

[18] *Tompkins v. Cyr*, 202 F.3d 770, 787 (5th Cir. 2000).
[19] *Id.*

Starlight's motion for summary judgment because it was filed in this court, and Rule 13 applies to the original complaint because it was filed in state court. The court finds that Ms. Benolken, by filing the original complaint and the motion for summary judgment, did not violate Rule 11 or Rule 13. Starlight's arguments against the enforceability of the arbitration provision, although rejected by the court, are not so frivolous as to be sanctionable. Consequently, the Bazemores' motion for sanctions (Dkt. 54) is **DENIED**.

The Bazemores also filed a motion to remand (Dkt. 70). The Bazemores argue that this court lacks subject-matter jurisdiction over the case. However, under the plain terms of 28 U.S.C. § 1442, any civil or criminal action commenced in state court against the United States or any agency or officer thereof may be removed "to the district court of the United States for the district and division embracing the place wherein it is pending." Further, under 28 U.S.C. §§ 1444 and 2410, the United States may remove a suit to federal court in any case brought to quiet title or foreclose a mortgage or other lien on real or personal property on which the United States has or claims a mortgage or other lien. Here, the United States is a named party to the case because it has a lien on the property. Therefore, this court has subject-matter jurisdiction. The Bazemore Defendants' motion to remand (Dkt. 70) is **DENIED**.

### IV. CONCLUSION

The Bazemore Defendants' Motion to Dismiss Plaintiff's Original Petition and Request for Disclosure (Dkt. 5) is **GRANTED IN PART**; Defendant United States of America's Unopposed Motion for Judicial Sale to Proceed through United States Marshal (Dkt. 6) is **DENIED WITHOUT PREJUDICE**; Defendants' Angelee and Vincent Bazemore Motion for Severance (Dkt. 13) is **DENIED**; Bazemore Defendants' Motion for Summary Judgment (Dkt. 29) is **DENIED AS MOOT**; Plaintiff's Motion to Strike and Objection to Evidence (Dkt. 37) is

---

[20] *Edwards v. General Motors Corp.*, 153 F.3d 242, 245 (5th Cir. 1998).

**DENIED AS MOOT**; Plaintiff's Motion for Summary Judgment (Dkt. 42) is **DENIED AS MOOT**; Bazemore Defendants' Motion for Sanctions (Dkt. 54) is **DENIED**; Plaintiff's Motion for Extension of Time to Complete Fact Discovery (Dkt. 59) is **DENIED AS MOOT**; Bazemore Defendants' Renewed Motion to Dismiss/Compel Arbitration (Dkt. 61) is **GRANTED IN PART**; Bazemore Defendants' Motion to Quash/Modify Plaintiff's Notice of Intent to Take the Oral Deposition duces tecum of Angelee Bazemore (Dkt. 62) is **DENIED AS MOOT**; Plaintiff's Motion for Expedited Hearing to Consider Pending Motions (Dkt. 65) is **DENIED AS MOOT**; Defendant United States of America's Unopposed Emergency Motion to Stay Foreclosure Action (Dkt. 68) is **DENIED AS MOOT**; Bazemore Defendants' Motion to Remand (Dkt. 70) is **DENIED**; United States' Unopposed Motion to Lift Stay (Dkt. 79) is **GRANTED IN PART**; Plaintiff's Unopposed Motion for Leave to File Notice of Supplement to Motion for Summary Judgment (Dkt. 97) is **GRANTED**; Plaintiff's Unopposed Motion for Leave to File Notice of Supplement to Plaintiff's Response to Defendants' Motion to Dismiss (Dkt. 99) is **GRANTED**; Plaintiff's Unopposed Motion for Leave to File Notice of Supplement to Plaintiff's Response to Bazemore Defendants' Renewed Motion to Dismiss/Compel Arbitration (Dkt. 101) is **GRANTED**; Plaintiff's Motion for Leave to File Declaration in Supplement to Affidavit of Gretchen Benolken (Dkt. 108) is **GRANTED**; Plaintiff's Motion to Correct/Amend and Clarify Withdrawal of Incorrect Docket Number (Dkt. 110) is **GRANTED**; Joint Status Report and Request for Ruling (Dkt. 115) is **DENIED AS MOOT**; and Amended Joint Status Report and Request for Ruling (Dkt. 117) is **DENIED AS MOOT**.

Starlight and the Bazemores are ordered to arbitrate their contractual dispute. Starlight's claim for judicial foreclosure on its lien will remain **STAYED** and Defendant United States' motion for a judicial foreclosure is **DENIED WITHOUT PREJUDICE** and may be re-urged as

appropriate at the conclusion of the arbitration. Should the court need to resume consideration of the foreclosure actions, the United States may renew its motion for judicial sale by the United States Marshal Service.

IT IS SO ORDERED.

**SIGNED this the 4th day of March, 2016.**

*[Signature: Richard A. Schell]*

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE